IN THE  UNITED  STATES  DISTRICT  COURT

FOR  THE  NORTHERN  DISTRICT  OF  CALIFORNIA

INTUITIVE SURGICAL, INC.,

       Plaintiff,

  v.

CALIFORNIA INSTITUTE OF TECHNOLOGY,

       Defendant.

_____/

No. C07-0063-CW

ORDER GRANTING
DEFENDANT'S MOTION TO
STAY AND DENYING
DEFENDANT'S MOTION TO
DISMISS OR TRANSFER

    Defendant California Institute of Technology (Caltech) moves
to dismiss or stay this action, or in the alternative, to transfer
it to the Eastern District of Texas.  Plaintiff Intuitive Surgery,
Inc. (Intuitive) opposes the motion.  The matter was heard on April
13, 2007.  Having considered all of the papers filed by the parties
and oral argument on the motions, the Court GRANTS the motion to
stay and DENIES without prejudice the motion to dismiss or
transfer.

BACKGROUND

    The parties to this action had a meeting on January 4, 2007.
According to Caltech, the purpose of the meeting was to offer
Intuitive an opportunity to license four of Caltech's patents.
DePumpo Decl., Ex. 1 (November 17, 2006, letter from DePumpo to
Intuitive).  According to Intuitive, at the meeting Caltech made
allegations of patent infringement and threatened an immediate
lawsuit in Texas unless Intuitive consented to jurisdiction in that
forum.  Guthart Decl. ¶ 8.  The meeting was apparently

1  unsuccessful.

2      That same day, Caltech sued Intuitive in the Eastern District

3  of Texas, Case No. 6:07-CV-4, for allegedly infringing four of its

4  patents which describe and claim robot-assisted microsurgery

5  systems.  DePumpo Decl., Ex. 2 (Docket in Case No. 6:07-CV-4).  The

6  Texas suit was filed at 3:42 p.m. Central Standard Time (CST) (1:42

7  p.m. Pacific Standard Time (PST)).  Id.  Caltech asserted that

8  Intuitive infringed its patents by making, using, selling, offering

9  for sale, and/or importing into the United States products that

10  fall within the scope of the claims of its patents.  DePumpo Decl.,

11  Ex. 3 (Complaint in Case No. 6:07-CV-4).

12      Later that afternoon, Intuitive filed the present action

13  seeking a declaratory judgment that (1) Intuitive's surgical

14  robotic products do not infringe the same four patents, and

15  (2) those patents are invalid and/or unenforceable.  Compl. ¶ 5.

16  Both parties acknowledge that Intuitive filed suit a few hours

17  after Caltech.  Intuitive asserts that it intends to move to

18  transfer the Texas action to this Court, but that it has not done

19  so pending this Court's ruling on Caltech's motion to dismiss, stay

20  or transfer.

21                              DISCUSSION

22      Caltech argues that the first-to-file rule warrants a

23  dismissal or stay of this action because it filed the Texas suit

24  before Intuitive filed this action, and the parties and issues in

25  both cases are identical.  Caltech further argues that any

26  balancing of convenience factors should be done by the court

27  presiding over the first-filed case.  In the alternative, Caltech

28                                    2

requests that this action be transferred to the Eastern District of Texas, pursuant to 28 U.S.C. § 1404(a).

Intuitive counters that the first-to-file rule should not apply because it filed suit just two hours after Caltech, and that if the first-to-file rule does apply, an exception is warranted because Caltech engaged in forum shopping.  Intuitive also contends that transfer is improper both because Intuitive could not have brought the original action in the Eastern District of Texas, and because the balance of convenience factors favors proceeding in the Northern District of California.

I.   First-To-File Rule

"There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 94-5 (9th Cir. 1982).  This doctrine, known as the first-to-file rule, "gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction."  Northwest Airlines, Inc. v. American Airlines, Inc., 989 F.2d 1002, 1006 (8th Cir. 1993).  The rule "serves the purpose of promoting efficiency well and should not be disregarded lightly." Church of Scientology of California v. United States Dep't of Army, 611 F.2d 738, 750 (9th Cir. 1979). However, "the considerations affecting transfer to or dismissal in favor of another forum do not change simply because the first-filed action is a declaratory action." Genentech, Inc. v. Eli Lilly &

3

Co., 998 F.2d 931, 938 (Fed. Cir. 1993).

In applying the first-to-file rule, a court looks to three threshold factors: "(1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues." Z-Line Designs, Inc. v. Bell'O Int'l LLC, 218 F.R.D. 663, 665 (N.D. Cal. 2003). If the first-to-file rule does apply to a suit, the court in which the second suit was filed may transfer, stay or dismiss the proceeding in order to allow the court in which the first suit was filed to decide whether to try the case. Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 622 (9th Cir. 1991). "Circumstances under which an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit and forum shopping." Id. at 628 (internal citations omitted).

One exception to the first-to-file rule is when "the balance of convenience weighs in favor of the later-filed action." Ward v. Follett Corp., 158 F.R.D. 645, 648 (N.D. Cal. 1994). This is analogous to the "convenience of parties and witnesses" under a transfer of venue motion, 28 U.S.C. § 1404(a). Med-Tec Iowa, Inc. v. Nomos Corp., 76 F. Supp. 2d 962, 970 (N.D. Iowa 1999); 800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F. Supp. 128, 133 (S.D.N.Y. 1994). The court with the first-filed action should normally weigh the balance of convenience. Alltrade Inc., 946 F.2d at 628.

A.   Chronology of the Two Actions

The central question is whether the first-to-file rule applies when two actions are filed a few hours apart. Caltech argues that application of the first-to-file rule does not depend on the amount

4

of time between the two filings, and asserts that its attempt to negotiate with Intuitive before filing suit was the only reason the suits were filed nearly simultaneously.  Intuitive avers that the first-to-file rule is typically applied when the second-filed action occurs days or weeks later, and that the rule should not be used to reward Caltech's race to the "wrong" courthouse.

The policy rationale behind the first-to-file rule is supported by reasons "just as valid when applied to the situation where one suit precedes the other by a day as they are in a case where a year intervenes between the suits." Genentech, 998 F.2d at 938.  Nonetheless, at least one court in this district has held that the first-to-file rule is "not dispositive" when the first-filed action precedes the second-filed action by mere hours. Nordson Corp. v. Speedline Techs., Inc., 2000 U.S. Dist. LEXIS 15240, at *7 (N.D. Cal. Oct. 10, 2000).  In that case, the California plaintiff was the patent holder, and the allegedly infringing defendant filed a declaratory judgment action in the District of Massachusetts just three hours before the plaintiff's patent infringement suit was filed in this district.  Id. at *3. Although the court elected to transfer the case to the first-filed forum, the court found that the close proximity of the filings rendered that fact "not dispositive," and transferred on the basis of convenience to the parties and witnesses.  Id. at *7.

The Court finds that the first-to-file rule is applicable and requires deference to the first-filed court, notwithstanding the near simultaneous nature of the filings.  The Court is persuaded

that applying the first-to-file rule in this case furthers the sound policy rationale underlying it.  Not to apply the rule in situations like this one would discourage potential plaintiffs from attempting settlement discussions prior to filing lawsuits out of fear that they might not secure their preferred forum.

As stated above, the court in the first-filed action should decide whether there is an exception to the first-to-file rule. Therefore, this Court will not address Intuitive's arguments that Caltech engaged in forum shopping, or that a balancing of convenience factors weighs in favor of litigating in Northern California.  The Court defers to the Eastern District of Texas to decide the appropriate forum and whether an exception to the first-to-file rule is applicable.  <u>See</u> <u>Pacesetter</u>, 678 F.2d at 96 (noting that normally the respective convenience of the two courts should be addressed to the court in the first-filed action).

CONCLUSION

For the foregoing reasons, the Court GRANTS Caltech's motion to stay this action and DENIES without prejudice its motion to dismiss or transfer (Docket No. 20) pending the Texas court's ruling on Intuitive's anticipated motion to transfer that litigation to this Court.[1]  If Intuitive does not file a motion to transfer in Texas within ten days, or if the Texas court denies Intuitive's motion to transfer, Caltech may re-file its motion to

---

[1]    The Court also grants Caltech's motion to file a supplement to its reply (Docket No. 46), and takes judicial notice of the scheduled proceedings in the Eastern District of Texas.

6

transfer and the Court will transfer this case to Texas.  If the Texas case is transferred to this district, the parties shall file a notice of related cases and this Court will relate and consolidate the cases and apply the scheduling order to the consolidated case.

        IT IS SO ORDERED.

Dated: 4/18/07

_Claudia Wilken_

CLAUDIA WILKEN
United States District Judge

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

7